STATE OF ARKANSAS                                    CASE NO.: CIV2010-2156-5
BENTON COUNTY CIRCUIT COURT
OFFICE OF THE CIRCUIT CLERK                          DIVISION:      Civil

**SUMMONS**
**(NOTICE OF LAWSUIT)**

PLAINTIFF(S)                      vs.                          DEFENDANT(S)

WAL-MART STORES, INC.                            OMAHA PAPER STOCK COMPANY, INC.

PLAINTIFF'S ATTORNEY:    Marshall S. Ney        Mitchell Williams, P.L.L.C., 5414 Pinnacle Point Drive,
                         Jenny T. Garrett        Suite 500, Rogers, AR 72758
                                                 (479) 464-5650

**STATE OF ARKANSAS TO DEFENDANT:**    **Omaha Paper Stock Company, Inc.**
                                       **Frederick S. Cassman, Registered Agent**
                                       **8712 West Dodge Road**
                                       **Omaha, NE  68114**

1.  You are hereby notified that a lawsuit has been filed against you by the above-named Plaintiff.  The relief asked is stated in the attached Complaint.

2.  The attached Complaint will be considered admitted by you and a judgment by default may be entered against you for the relief sought in the Complaint unless you file a written response or answer and thereafter appear and present your defense.  Your pleading must meet the following requirements:

    A.  It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.

    B.  It must be filed in the Benton County Circuit Clerk's Office within TWENTY (20) days from the day you were served with this summons; OR within THIRTY (30) days if you are a non-resident of this state or within SIXTY (60) days if you are a person incarcerated in any jail, penitentiary, or other correctional facility in this state.

    C.  A copy of your response or answer must be delivered or mailed to the Plaintiff or the Plaintiff's attorney.

3.  If you desire to be represented by an attorney, you should immediately contact your attorney so that a response or answer can be filed for you in the time allowed.

4.  Additional Notices:

WITNESS my hand and seal of said Court on this day:          _6-30-2010_

                                                            _Brenda Oe Shield_
                                              By: _____S. Philly_____   D.C.

CIRCUIT CLERK
STATE OF ARKANSAS, COUNTY OF _____:

On this _____ day of _____, 20___, at _____ a.m./p.m., I have duly served the within summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the Complaint, to _____, such person being:

CHECK AS APPROPRIATE:

_____   The person named herein as Defendant.
            A member of the Defendant's family above 14 years of age at Defendant's usual place of abode, namely:
_____   _____
            The duly designated agent for service of process for the Defendant, namely:
_____   _____
_____   Other: _____

                                        _____ COUNTY SHERIFF

                              By: _____ D.S.

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

WAL-MART STORES, INC. DUNCAN                                       FILED
                                                              PLAINTIFF

VS.                    CASE NO. CIV2010-2156-5     2010 JUN 30  PM 4 06

OMAHA PAPER STOCK COMPANY, INC.               BRENDA DESHIELDS
                                              CLERK AND RECORDER DEFENDANT
                                              BENTON COUNTY, AR.

## COMPLAINT

Plaintiff, Wal-Mart Stores, Inc. ("Wal-Mart") by its attorneys, Mitchell, Williams, Selig,

Gates & Woodyard, P.L.L.C., for its Complaint against Defendant, Omaha Paper Stock

Company, Inc., states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Wal-Mart is a corporation organized and existing under the laws of the State of

Delaware, with its principal place of business located in Bentonville, Arkansas.

2.      Defendant, Omaha Paper Stock Company, Inc. ("Omaha Paper") is a corporation

organized and existing under the laws of the State of Nebraska, with its principal place of

business located in Omaha, Nebraska.  Omaha Paper may be served through its registered agent

for service of process, Mr. Frederick S. Cassman, 8712 West Dodge Road, Omaha, NE 68114

3.      The Court has jurisdiction over the subject matter of this case pursuant to Section

6 of Amendment 80 of the Constitution of the State of Arkansas.

4.      The Court also has personal jurisdiction over Omaha Paper, who has such

minimum contacts with the State of Arkansas that this Court's exercise of personal jurisdiction

over it is consistent with the requirements of the Due Process Clause of the Constitution of the

United States.   Venue is proper in this Court pursuant to ARK. CODE ANN. § 16-55-213.

Furthermore, the parties to the Old Corrugated Cardboard Agreement have consented to the

jurisdiction and venue of the state courts of Arkansas.

1

## FACTUAL BACKGROUND

5.      On June 30, 2005, Wal-Mart and Omaha Paper entered into an Old Corrugated Cardboard Agreement ("Agreement"), pursuant to which Wal-Mart agreed to sell and Omaha Paper agreed to buy old corrugated cardboard bales ("cardboard bales").   A copy of the Agreement is attached hereto as Exhibit "1", and incorporated herein by reference.

6.      Pursuant to the Agreement, the purchase price for the bales was to be "in relation to the Regional Yellow Sheet or mill price as follows:  Current areas of service in AZ & NE as well as KS, NM, KY and listed locations in MO." *See* Exhibit "1".

7.      Exhibit C to the Agreement set forth a pricing schedule stating "High side of the second issue of the 'Yellow Sheet'" and setting the floor price at $40.00 per ton. *See* Exhibit "1".

8.      The Agreement required Omaha Paper to "prepare a monthly report showing the total number of bales and tonnage picked up at each store for that month." Pursuant to the Agreement, Omaha Paper was required to deliver the report to Wal-Mart by the 15th of the following month and mail payment to Wal-Mart by the 25th of the following month. *See* Exhibit "1".

9.      The term of the Agreement was two years from the date of the Agreement. However, after the expiration of the term of the Agreement on June 30, 2007, Wal-Mart and Omaha Paper continued to do business, i.e. Wal-Mart continued to sell and Omaha Paper continued to buy the cardboard bales pursuant to the terms of the Agreement.

10.      Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in February 2007 was $1,204,668.59.   Omaha Paper paid the amount of $1,034,254.82 to Wal-Mart for the

cardboard bales purchased by Omaha Paper in February 2007.  The balance of $170,413.77 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in February 2007.

11.    Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in March 2007 was $1,176,074.48.   Omaha Paper paid the amount of $959,976.99 to Wal-Mart for the cardboard bales purchased by Omaha Paper in March 2007.  The balance of $216,097.49 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in March 2007.

12.    Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in April 2007 was $1,339,385.68.  Omaha Paper paid the amount of $1,225,551.29 to Wal-Mart for the cardboard bales purchased by Omaha Paper in April 2007.  The balance of $113,834.39 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in April 2007.

13.    Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in May 2007 was $1,087,976.92.  Omaha Paper paid the amount of $1,025,224.55 to Wal-Mart for the cardboard bales purchased by Omaha Paper in May 2007.  The balance of $62,752.37 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in May 2007.

14.    Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in June 2007 was $1,067,865.15.  Omaha Paper paid the amount of $968,401.31 to Wal-Mart for the cardboard

bales purchased by Omaha Paper in June 2007. The balance of $99,463.94 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in June 2007.

15.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in July 2007 was $1,246,511.43. Omaha Paper paid the amount of $937,395.96 to Wal-Mart for the cardboard bales purchased by Omaha Paper in July 2007. The balance of $309,115.47 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in July 2007.

16.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in August 2007 was $1,246,511.43. Omaha Paper paid the amount of $1,066,722.46 to Wal-Mart for the cardboard bales purchased by Omaha Paper in August 2007. The balance of $179,788.97 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in August 2007.

17.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in September 2007 was $1,355,750.01. Omaha Paper paid the amount of $1,028,479.49 to Wal-Mart for the cardboard bales purchased by Omaha Paper in September 2007. The balance of $327,270.52 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in September 2007.

18.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in October 2007 was $1,323,469.59. Omaha Paper paid the amount of $886,712.43 to Wal-Mart for the cardboard bales picked up by Omaha Paper in October 2007. The balance of $436,757.16

currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in October 2007.

19.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in November 2007 was $1,108,938.79.  Omaha Paper paid the amount of $1,030,972.05 to Wal-Mart for the cardboard bales purchased by Omaha Paper in November 2007.  The balance of $77,933.74 currently remains outstanding for the cardboard bales Omaha Paper purchased from Wal-Mart in November 2007.

20.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in December 2007 was $1,306,689.62.  Omaha Paper paid the amount of $994,153.15 to Wal-Mart for the cardboard bales purchased by Omaha Paper in December 2007.  However, the balance of $312,536.47 currently remains due and owing for the cardboard bales purchased by Omaha Paper in December 2007.

21.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in January 2008 was $1,274,496.40.  Omaha Paper paid the amount of $674,926.38 to Wal-Mart for the cardboard bales picked up by Omaha Paper in January 2008.  However, the balance of $599,570.02 currently remains due and owing for the cardboard bales it picked up from Wal-Mart in January 2008.

22.     Pursuant to the National Yellow Sheet pricing, the total amount due to Wal-Mart for cardboard bales purchased by Omaha Paper in February 2008 was $1,073,307.67.  However, Omaha Paper failed and/or refused to pay any amount for the cardboard bales picked up by

Omaha Paper in February 2008. As a result, the balance of $1,073,307.67 currently remains due and owing for the cardboard bales Omaha Paper purchased from Wal-Mart in February 2008.

23.     Pursuant to the National Yellow Sheet pricing, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in March 2008 was $604,568.18. However, Omaha Paper failed and/or refused to pay any amount for the cardboard bales purchased by Omaha Paper in March 2008. The balance of $604,568.18 currently remains due and owing for the cardboard bales Omaha Paper purchased from Wal-Mart in March 2008.

24.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in April 2008 was $71,343.53. However, Omaha Paper failed and/or refused to pay any amount for the cardboard bales purchased by Omaha Paper in April 2008. The balance of $71,343.53 currently remains due and owing for the cardboard bales it purchased from Wal-Mart in April 2008.

25.     Pursuant to the National Yellow Sheet pricing required by the Agreement, the total amount due to Wal-Mart for cardboard bales picked up by Omaha Paper in May 2008 was $66,885.95. However, Omaha Paper failed and/or refused to pay any amount for the cardboard bales purchased by Omaha Paper in May 2008. The balance of $66,885.95 currently remains due and owing for the cardboard bales it purchased from Wal-Mart in May 2008.

26.     As a result of Omaha Paper's failure to pay Wal-Mart for the cardboard bales purchased, on July 21, 2009, undersigned counsel sent a letter, via e-mail and certified mail, to Mr. Bob Epstein at Omaha Paper, demanding payment of $1,558,451.27 within twenty-one (21) days of the date of the demand letter. A copy of the demand letter dated July 21, 2009 is attached hereto as Exhibit "2" and incorporated herein by reference.

27.     Because the demand letter was returned to undersigned counsel as undeliverable, the demand letter was sent to Mr. Epstein via federal express on July 31, 2009.  A copy of the July 31, 2009 demand letter is attached hereto as Exhibit "3" and incorporated herein by reference.

28.     As of May 26, 2010, the amount of $4,721,639.54 is currently owed to Wal-Mart from Omaha Paper for the cardboard bales it purchased from Wal-Mart from February 2007 through May 2008.

## COUNT I: BREACH OF EXPRESS CONTRACT

29.     Wal-Mart reiterates and incorporates paragraphs 1 through 28, as if they were restated herein word for word.

30.     The parties to the Agreement had the legal capacity to enter into the Agreement, mutually assented to the Agreement and exchanged adequate consideration.  Accordingly, the Agreement is a valid and enforceable contract under Arkansas law.

31.     After the expiration of the term of the Agreement, Wal-Mart and Omaha Paper continued to do business pursuant to the provisions of the Agreement, i.e. Wal-Mart continued to provide cardboard bales and Omaha Paper continued to purchase the cardboard bales for several months after the Agreement's stated expiration date.

32.     Wal-Mart and Omaha Paper's course of performance demonstrated their intent to extend the term of the Agreement.

33.     Omaha Paper's failure to pay Wal-Mart for the cardboard bales it received from February 2007 through May 2008 constitutes a breach of the Agreement.

34.     As a result of Omaha Paper's breach of the Agreement, Wal-Mart has suffered damages in the amount of $4,721,639.54.

35.     Accordingly, Omaha Paper is liable to Wal-Mart for the sum of $4,721,639.54.

36.     Additionally, pursuant to ARK. CODE ANN. § 16-22-308, Wal-Mart is entitled to recover its attorneys' fees from Omaha Paper.

## ALTERNATIVE COUNT II:  BREACH OF IMPLIED CONTRACT

37.     Wal-Mart reiterates and incorporates paragraphs 1 through 36, as if they were restated herein word for word.

38.     The parties to the Agreement had the legal capacity to enter into the Agreement, mutually assented to the Agreement and exchanged adequate consideration.  Accordingly, the Agreement is a valid and enforceable contract under Arkansas law.

39.     After the expiration of the term of the Agreement, Wal-Mart and Omaha Paper continued to do business pursuant to the Agreement, i.e. Wal-Mart continued to provide cardboard bales and Omaha Paper continued purchase the cardboard bales for several months after the Agreement's stated expiration date.

40.     Wal-Mart and Omaha Paper's conduct, course of dealing and performance evidence their mutual assent to an implied contract containing the same provisions as the terms of the Agreement.  In addition, Wal-Mart and Omaha Paper had the legal capacity to enter into the implied contract and exchanged adequate consideration.  As a result, the implied contract is a valid and enforceable contract under Arkansas law.

41.     Omaha Paper's failure to pay Wal-Mart for the bales picked up from July 2007 through May 2008 constitutes a breach of the implied contract.

42.     Wal-Mart has suffered damages in the amount of $4,059,077.68 as a result of Omaha Paper's breach of the implied contract.

43.   In the alternative to Count 1, Omaha Paper is liable to Wal-Mart for the sum of $4,059,077.68 under the theory of breach of implied contract.

44.   Additionally, pursuant to ARK. CODE ANN. § 16-22-308, Wal-Mart is entitled to recover its attorneys' fees from Omaha Paper.

## ALTERNATIVE COUNT III:  UNJUST ENRICHMENT

45.   Wal-Mart reiterates and incorporates paragraphs 1 through 44, as if they were restated herein word for word.

46.   From July 2007 through May 2008, Omaha Paper picked up cardboard bales totaling $4,059,077.68 from Wal-Mart.  However, Omaha Paper has not paid Wal-Mart for the cardboard bales it received.

47.   Omaha Paper has been unjustly enriched by receiving cardboard bales worth $4,059,077.68 to which it is not entitled, and in equity and good conscience, it ought not to retain this amount.

48.   In the alternative to Count I, Omaha Paper is liable to Wal-Mart in the amount of $4,059,077.68 under the theory of unjust enrichment for the cardboard bales received for which Omaha Paper has failed to pay Wal-Mart.

WHEREFORE, Plaintiff, Wal-Mart Stores, Inc., prays for judgment against Defendant, Omaha Paper Stock Company, Inc., in the amount of $4,721,639.54, in addition to the reasonable costs of Wal-Mart Stores, Inc.'s attorneys' fees and the costs of this action, plus pre-judgment interest at the rate of 6% percent and post-judgment interest until the debt is paid in full, and for any and all other relief to which Wal-Mart Stores, Inc. is entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
5414 Pinnacle Point Drive, Suite 500
Rogers, AR 72758
(479) 464-5650

By _____
   Marshall S. Ney, Ark. Bar No. 91108
   Jenny T. Garrett, Ark. Bar No. 2008094

10